IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

VICKIE KEMP
o/b/o CHARLES KEMP                                                              PLAINTIFF

v.                               No. 3:16-CV-00158-BD

NANCY A. BERRYHILL, Acting Commissioner,
Social Security Administration                                                  DEFENDANT

## ORDER AFFIRMING THE COMMISSIONER

Charles Kemp filed an application for social security disability benefits with an amended alleged onset date of January 1, 2007. (R. at 27–28). The administrative law judge (ALJ) held a hearing, after which he denied the application. (R. at 20). The Appeals Council denied review. (R. at 297).

Vickie Kemp filed a Notice Regarding Substitution of Party Upon Death of Claimant on November 21, 2011. (R. at 353). She thereafter sought judicial review. (R. at 304–05). The district court affirmed the Commissioner's denial of benefits. (R. at 308–11). The Eighth Circuit, however, vacated the district court judgment and remanded the case for further proceedings. (R. at 312–16).

After a second hearing, the ALJ again denied the application. (R. at 265). The Appeals Council denied Ms. Kemp's request for review. (R. at 244). The second ALJ's decision is now the final decision of the Commissioner, and it is from this decision that Ms. Kemp has requested judicial review.

**The Commissioner's Decision**

The ALJ found that Mr. Kemp had the following severe impairments: osteoarthritis, anxiety disorder NOS, depressive disorder NOS, borderline intellectual functioning, and hernias. (R. at 257). The ALJ found that, during the relevant time period, Mr. Kemp had the residual functional capacity (RFC) to perform sedentary work, except that he could only occasionally stoop, crouch, crawl, and kneel; could only occasionally reach overhead with his dominant upper extremity; could perform work where interpersonal contact is incidental to the work performed, defined as interpersonal contact requiring a limited degree of interaction, such as meeting and greeting the public, answering simple questions, accepting payment, and making change; could work only in jobs where the complexity of tasks is learned by demonstration or repetition with 30 days, with few variables and little judgment; and where the work would require only simple, direct, and concrete supervision. (R. at 260). After taking testimony from a vocational expert (VE), the ALJ found that the RFC precluded Mr. Kemp's past relevant work. (R. at 263). The VE testified, however, that Mr. Kemp was able to perform jobs such as table worker and printed circuit board checker. (R. at 264). As a result, the ALJ held that Mr. Kemp was not disabled during the relevant time. (R. at 265)

**Discussion**

The Court reviews the record to determine whether substantial evidence on the record as a whole supports the Commissioner's findings. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted).

Ms. Kemp argues that the ALJ failed to properly account for Mr. Kemp's borderline intellectual functioning in the RFC and she disputes whether Mr. Kemp could have sat for the duration required for sedentary work.

As to the first argument, the ALJ limited Mr. Kemp to work that could be learned by demonstration or repetition within 30 days, with few variables and requiring little judgment. The ALJ further required simple, direct, and concrete supervision. (R. at 260). Ms. Kemp argues that the ALJ should have included limitations on understanding, remembering, or following work instructions and a limitation to simple work. This argument is unavailing. The limitations that the ALJ provided account for borderline intellectual functioning, and Ms. Kemp does not demonstrate how those limitations fail to do so.

Ms. Kemp also argues that Mr. Kemp could not sit for the requisite time to perform sedentary work, noting that a consultative examiner had stated that Mr. Kemp had moderate limitations in his ability to sit. (R. at 212). Mr. Kemp had also testified that he could sit for a maximum of 15 to 20 minutes during the first hearing on May 28, 2010. (R. at 38). The consultative examiner provided no detail in the limitation, however, and it is not possible to tell from the examiner's notes how long Mr. Kemp could sit. Additionally, Mr. Kemp did not take any medication for his conditions, which suggests that his discomfort was tolerable. (R. at 204). In fact, the record contains no medical treatment records at all, which results in a very limited body of evidence. It is the claimant's burden to prove the RFC. *Ingram v. Chater*, 107 F.3d 598, 601 (8th Cir. 1997).

When it is possible to draw different conclusions from evidence in the record, the Court must affirm if substantial evidence on the record as a whole supports the ALJ's decision. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). In this case, substantial evidence on the record as a whole supports the ALJ's decision.

**Conclusion**

A reasonable mind would find that the evidence is adequate to support the ALJ's decision. The RFC sufficiently accounted for Mr. Kemp's borderline intellectual functioning and all other medically determinable impairments. The decision of the ALJ is hereby affirmed.

It is so ordered, this 5th day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE